### GEORGIA AND ALABAMA RAILWAY *v.* RAWSON.

1. When the defense to an action against a railway company for the destruction of property by fire alleged to have been set out by sparks from a locomotive was, not only that the company did not cause the fire in question, but also that its machinery and appliances were in good order and operated with due diligence, and there was evidence supporting both branches of such defense, it was erroneous to give to the jury an instruction which in effect made the question of liability turn exclusively upon whether or not the company in fact caused the fire.
2. The charge excepted to in this case had the vice above indicated, and the error therein was not cured by the addition which the court made to the same.

Argued December 6, — Decided December 20, 1900.

Action for damages. Before Judge Hobbs. City court of Albany. June 16, 1900.

*Wooten & Crosland,* for plaintiff in error.
*Walters & Wallace,* contra.

LEWIS, J. Rawson brought suit, in the city court of Albany, against the Georgia and Alabama Railway, for damages resulting from the alleged burning of cord wood belonging to petitioner, stored near the right of way of the defendant. It was alleged that the fire was caused by the carelessness of defendant's agents and employees in the operation of its train. Defendant, in the first place, denied that the fire was caused by the emission of sparks from its engine; and, in the second place, contended that even if it was, it was not the result of the carelessness or negligence of any of its employees, but that its machinery was operated with due diligence, and its appliances were in good order. The jury returned a verdict for the plaintiff for $108; whereupon the defendant made a motion for a new trial, and excepts to the judgment of the court overruling its motion.

Error is assigned in the motion, upon the following charge of

the court: "There is evidence that the wood was burned; it is for you to say by whom it was burned. If the fire was caused by defendant's engines, then you will ascertain the value of the property destroyed, and find for plaintiff." In the light of the testimony in this case, we think the above charge is reversible error, for the reason that it excludes from the minds of the jury one main theory of the defense: that the defendant was in the exercise of due care and diligence, and, therefore, was not responsible even if its engine did cause the fire. The instruction given, in effect, made the question of liability turn exclusively upon whether or not the company caused the fire. One ground of defense was that, even if the engine of defendant caused the fire, the defendant was not responsible, because it was not the result of any negligence on the part of its employees in the operation of the engine, nor the result of any defective appliances used for the purpose of preventing a spread of fire from its engine. There was evidence to sustain this theory of the defense, and, as above stated, this charge had a tendency to exclude it from the consideration of the jury. It is true that after giving this instruction the court added the following words: "The main question is what or who caused the fire; if defendant, they are liable, unless they show that it was not caused by their negligence." This does not cure the error; for it does not specify what sort of negligence the defendant had to be guilty of, in order to be liable for damages thereby occasioned. The word "negligence" is a relative term, and has different meanings when applied to different cases. The degree of diligence required by defendant in the present case was only ordinary care and diligence. In the case of an injury to a passenger, slight neglect is sufficient to hold a common carrier liable. The evidence was positive and uncontradicted as to the degree of care and diligence exercised by the defendant's employees in the operation of the train which plaintiff claimed set fire to her property, and also as to the good order of the machinery; and the error in the charge above quoted, we think, necessitates the grant of a new trial.

One ground in the motion for a new trial contains an allegation of error in admitting certain evidence, but the motion fails to show what objection was made to it when admitted. For this reason it presents to this court no question of law that can be considered.

*Judgment reversed. All the Justices concurring.*